WALTER J. ROTHSCHILD, Judge.
|?On January 7, 2009, defendant, Gerard M. Howard, pled guilty to one count of manslaughter, in violation of LSA-R.S. M^l.[1] He was sentenced to 35 years of imprisonment at hard labor. Defendant was granted an out-of-time appeal. For the foregoing reasons, we affirm defendant’s conviction and sentence.

FACTS

Because defendant pled guilty without proceeding to trial on the merits, the pertinent facts of this case are taken from the indictment, the waiver of rights form, and the guilty plea colloquy. According to the record before us, on October 31, 2007, defendant committed manslaughter of Dwain Stewart.

LAW AND DISCUSSION

Under the procedure set forth in State v. Benjamin, 573 So.2d 528, 530 (La. App. 4 Cir.1990),[2] appointed appellate counsel has filed an Anders brief pursuant |sto Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669, p. 3 (La.12/12/97), 704 So.2d 241, 242 (per curiam), asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, appointed counsel requests permission to withdraw as counsel of record. The State concurs with appellate counsel’s assessment that there are no non-frivolous issues for appeal.
In Anders, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if she finds her case to be wholly frivolous after a conscientious examination of it.[3] The request must be accompanied by “a brief referring to anything in the record that might arguably support the appeal” so as to provide the reviewing court “with a basis for determining whether appointed counsel have fully performed their duty to support their clients’ appeals to the best of their ability” and to assist the reviewing court “in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw.” McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).
In State v. Jyles, 96-2669 at 2, 704 So.2d at 241, the Louisiana Supreme Court stated that an Anders brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The supreme court *568 explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, [¿adverse impact on shaping the evidence presented to the jury for its consideration.” State v. Jyles, supra.
When conducting a review for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. State v. Bradford, 95-929, p. 4 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel. Id.
In the present case, defendant’s appellate counsel asserts that after a detailed review of the record, she could find no non-frivolous issues to raise on appeal. Appellate counsel states that the transcript of the hearing on the motion to suppress evidence and identification reveals no issues for appellate review, and the plea colloquy reveals no constitutional abnormalities. Additionally, appellate counsel considered raising an issue regarding excessive sentence; however, she concluded that defendant was informed of the sentencing range for manslaughter and the sentence he would receive in the guilty plea form, and the trial court informed defendant of his sentence in the plea colloquy. She further asserts that defendant agreed to plead to a reduced charge of manslaughter with the understanding that the State would not file a multiple offender bill of information, thus avoiding a possible life sentence. As such, she concluded that the 35-year sentence was not constitutionally excessive.
| sAppellate counsel has filed a motion to withdraw as attorney of record which states that she notified defendant of the filing of her motion and has advised defendant of his right to file a pro se brief in this appeal. Additionally, this Court sent defendant a letter by certified mail informing him that an Anders brief had been filed and that he had until January 28, 2012, to file a pro se supplemental brief. Defendant filed a supplemental brief on January 23, 2012.
An independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal. When an Anders brief is filed, the appellate court reviews: 1) the bill of information/indictment to insure the defendant was properly charged, 2) all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct, and the sentence is legal, 3) all pleadings in the record, and 4) all transcripts to determine if any ruling provides an arguable basis for appeal. Bradford, 95-929 at 4, 676 So.2d at 1110-11.
In conducting this review, we note that defendant was properly charged by a grand jury indictment. The indictment plainly, concisely, and definitely states the essential facts constituting the offense charged, and cites the statute defendant violated. It also sufficiently identifies defendant and the crime charged. See generally LSA-C.Cr.P. arts. 464-466.
As reflected by the minute entries and commitment, defendant appeared at all *569 crucial stages of the proceedings, including arraignment, guilty plea, and sentencing. As such, defendant’s presence does not present, any issues which would support an appeal.
Further, pursuant to a plea bargain, defendant pled guilty to a reduced charge of manslaughter, in violation of LSA-R.S. 14:31. During the guilty plea colloquy, |,¡he was advised of and waived his Boy-kin [4] rights, including his right to a jury trial, his right to confrontation, and his privilege against self-incrimination. Defendant was also advised of these rights by means of the Plea of Guilty and Waiver of Constitutional Rights form. Defendant initialed next to each of these rights and signed the form, indicating that he understood that he was waiving these rights by pleading guilty.
When a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea, and precludes review of such defects by appeal or post-conviction relief. State v. Wingerter, 05-697, pp. 5-6 (La.App. 5 Cir. 3/14/06), 926 So.2d 662, 665. Additionally, once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. State v. McCoil, 05-658, p. 7 (La.App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boy-kin colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. Id.
In the present case, the record does not show that the Boykin colloquy was inadequate, that the plea bargain was not kept, or that defendant did not freely and voluntarily plead guilty.
Further, defendant’s sentence, which was part of the plea bargain, was legal and authorized by LSA-R.S. 14:31.[5] The waiver of rights form indicated that defendant would receive a sentence of 35 years at hard labor and that the State would not file a multiple offender bill of information against defendant. The trial court advised defendant of his sentence during the guilty plea colloquy as well. A defendant cannot seek review of a sentence imposed in conformity with a plea 17agreement which was set forth in the record at the time of the plea. LSA-C.Cr.P. art. 881.2(A)(2) and State v. Washington, 05-211, p. 5 (La.App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173.
Additionally, a review of the pleadings and transcripts do not reveal any basis for appeal. We note that when defendant pled guilty, he did not reserve his right to appeal the denial of his Motion to Suppress under State v. Crosby, 338 So.2d 584 (La.1976). Moreover, neither appellate counsel nor defendant has raised any issues on appeal pertaining to the trial court’s rulings.
We conclude that appellate counsel’s brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal and an independent review of the record supports counsel’s assertion.
Defendant filed a pro se brief asserting three assignments of error. In his first assignment of error, defendant contends that the “affidavit” prepared by Detective Roger Gorumba, Jr. is fatally defective for failing to comply with La. Const. Art. 7, § 1. In his second assignment of error, *570 defendant asserts that the “indictment” for the offense of LSA-R.S. 14:31 is fatally defective for failure to comply with La. Const. Art. 7, § 1. By these assignments, defendant challenges the validity of both the arrest warrant and the bill of indictment, claiming that they are fatally defective for failing to conclude with the specific words proscribed by Article 7, § 1 of the Louisiana Constitution.
The record does not reflect that defendant filed a motion to quash or objected to any error relative to either the arrest warrant or the indictment in the trial court. Thus, the issues set forth in defendant’s first two assignments of error have not been preserved for appellate review. See LSA-C.Cr.P. art. 841(A); LSA-C.Cr.P. art. 521; LSA-C.Cr.P. art. 531 et. seq.
|sIn his third assignment of error, defendant argues that his guilty plea was not knowing and voluntary. Defendant claims that his guilty plea was invalid, because he was not advised of the nature of the charges against him, thus he did not possess an understanding of the law in relation to the facts.
LSA-C.Cr.P. art. 556.1(A)(1) provides that, prior to accepting a guilty plea, the court must personally inform the defendant of the nature of the charge to which the plea is offered, any mandatory minimum penalty and the maximum possible penalty. State v. Strattman, 08-674, p. 5 (La.App. 5 Cir. 4/28/09), 13 So.3d 1129, 1132, writ denied, 09-1157 (La.1/22/10), 25 So.3d 130. The test for the validity of a guilty plea does not depend on whether the trial court specifically informed the defendant of every element of the offense. Rather, the defendant must establish that he lacked awareness of the essential nature of the offense to which he was pleading. Id.
Violations of LSA-C.Cr.P. art. 556.1 that do not rise to the level of Boy-kin violations are subject to harmless error analysis. Strattman, 08-674 at 5, 13 So.3d at 1132. To determine whether a violation of Article 556.1 is harmless, the proper inquiry is whether the defendant’s knowledge and comprehension of the full and correct information would have likely affected his willingness to plead guilty. Id.
In the instant case, the record shows that the trial court adequately ascertained that defendant understood the nature of the charged offense. Defendant does not allege that he did not intend to plead guilty; rather he concludes that he did not understand the nature of the charge due to the trial court’s failure to advise him of such.
However, the record does not show that defendant lacked awareness of the essential nature of the offense to which he was pleading. The trial court asked defendant if he was entering a plea to manslaughter to which he responded in the | ¡¡affirmative. The trial court next asked if defendant had fully consulted with his attorney on the matter, and he, again, responded in the affirmative. The guilty plea form, signed by defendant, also reflects that defendant was pleading guilty to manslaughter and advises of the pertinent maximum and minimum sentence. The trial court personally questioned defendant regarding his Boykin rights, as well as advised him of the sentence he would receive. At no time during the plea colloquy did defendant indicate to the trial court that he did not understand the nature of the charge. Additionally, defendant affirmed that he had discussed the plea with his attorney. Finally, defendant confirmed that he still wished to plead guilty after his discussions with both his attorney and the trial court.
Even if the trial court erred in advising defendant, the record does not *571 show that defendant’s knowledge and comprehension of the full information would have likely affected his willingness to plead guilty. Defendant agreed to plead to a reduced charge of manslaughter,[6] with knowledge of the sentence he would receive, and the understanding that the State would not file a multiple offender bill of information, which reduced his sentencing exposure. Accordingly, we find that any error was harmless.
The record was reviewed for errors patent pursuant to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Wetland, 556 So.2d 175 (La. App. 5 Cir.1990). No errors requiring corrective action were noted.

DECREE

For the foregoing reasons, the conviction and sentence of defendant, Gerard Howard, are affirmed. In addition, appellate counsel’s motion to withdraw is hereby granted.

AFFIRMED; MOTION TO WITHDRAW GRANTED

. On February 28, 2008, defendant was originally charged by bill of indictment with second degree murder, in violation of LSA-R.S. 14:30.1. The bill of indictment was amended on January 7, 2009, to charge defendant with manslaughter.

. The procedure set forth in Benjamin for compliance with Anders was sanctioned by the Louisiana Supreme Court in State v. Mouton, 95-0981, pp. 1-2 (La.4/28/95), 653 So.2d 1176, 1177 (per curiam), and adopted by this Court in State v. Bradford, 95-929, pp. 3-4 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110.

.The United States Supreme Court most recently reaffirmed its position in Anders in Smith v. Robbins, 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

. Defendant's sentencing range was in between 0 and 40 years for manslaughter.

. Defendant’s original second degree murder charge carried a mandatory life sentence. LSA-R.S. 14:30.1.