SUSAN M. CHEHARDY, Chief Judge.
| ^Defendant pled guilty to attempted second degree murder and argues on appeal that his guilty plea is constitutionally infirm on account of the trial court’s failure to advise him that his guilty plea would result in a sentence of imprisonment at hard labor. For the reasons that follow, we affirm defendant’s conviction and sentence.

Facts and Procedural History

Because defendant pled guilty and did not proceed to trial, the facts were gathered from the bill of information, wherein the State alleged that on or about May 12, 2012, defendant[1] attempted to commit second degree murder of a known juvenile (D.O.B. 2/23/1996).
On June 8, 2012, the Jefferson Parish District Attorney filed a bill of information charging defendant, Donte Riley, with attempted second degree murder in violation of La. R.S. 14:30.1 and La. R.S. 14:27. After initially pleading not guilty to the charge, defendant withdrew this plea and pled guilty as charged. Defendant was sentenced to imprisonment at hard labor for thirty years without ^benefit of parole, probation, or suspension of sentence. On December 4, 2013, the trial court granted defendant’s motion for an out-of-time appeal.

Discussion

In defendant’s sole assignment of error, he argues that his guilty plea is constitutionally infirm on account of the trial court’s failure to advise him that his guilty plea would result in a sentence of imprisonment at hard labor. He contends that the trial court’s advice that his sentence would be for a term of years “in jail” misled him to believe he would serve his sentence in the Jefferson Parish Correctional Center, and not the Dixon Correctional Institute, where he is currently incarcerated. Defendant argues this violated his rights to due process and the statutory requirements of La.C.Cr.P. art. 556.1. For this reason, defendant re *519 quests his guilty plea be set aside and his sentence vacated.
A guilty plea normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea, and precludes review of such defects by either appeal or post-conviction relief. State v. Howard, 11-1155 (La.App. 5 Cir. 5/22/12), 91 So.3d 564, 569, writ denied, 12-1826 (La.3/1/13), 108 So.3d 787. Additionally, once a defendant has been sentenced, only those guilty pleas which are constitutionally infirm may be withdrawn by appeal or post-conviction relief. Id. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boykin colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. Id.
A guilty plea will not be considered free and voluntary unless, at the very least, the defendant was advised of his constitutional rights against self-incrimination, to a trial by jury, and to confront his accusers. State v. Nuccio, 454 So.2d 93, 104 (La.1984). There also must be an express and knowing waiver of these rights, and the waiver must be on the record, which must unequivocally show that the waiver was free and voluntary. Id. While a colloquy between the judge and defendant is the preferred method of proof of a free and voluntary waiver, the colloquy is not indispensable when the record contains some other affirmative showing of proper waiver. Id.
Furthermore, Boykin only requires that a defendant be informed of the three rights enumerated above. Id. Boy-kin’s scope has not been expanded to include advice with respect to sentencing. State v. Guzman, 99-1753 (La.5/16/00), 769 So.2d 1158, 1164. Consequently, when the record establishes that an accused was informed of and waived his rights to trial by jury, to confront his accusers, and against self-incrimination, the burden shifts to the accused to prove that despite this record his guilty plea was involuntary. State v. Harrell, 09-364 (La.App. 5 Cir. 5/11/10), 40 So.3d 311, 321, writ denied, 10-1377 (La.2/10/12), 80 So.3d 473.
In addition to advising a defendant of his three Boykin rights, La.C.Cr.P. art. 556.1(A)(1) mandates that a court cannot accept a felony guilty plea “without first addressing the defendant personally in open court and informing him of, and determining that he understands ... [t]he nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law.”
The failure to fully comply with Article 556.1 is a statutory breach, rather than a constitutional breach, and thus, the defendant is required to show prejudice as a result of the error. State v. Ott, 12-111 (La.App. 5 Cir. 10/16/12), 102 So.3d 944, 952. Therefore, violations of La.C.Cr.P. art. 556.1 that do not rise to the level of a constitutional Boykin violation are subject to harmless error analysis. Howard, supra at 570. To determine whether a violation of La.C.Cr.P. art. 556.1 |5is harmless, the proper inquiry is whether the defendant’s knowledge and comprehension of the full and correct information would have likely affected his willingness to plead guilty. Id.
In the instant case, the record reflects that defendant completed a waiver of rights form with the assistance of his attorney, in which he indicated that he understood by entering a guilty plea he was waiving his rights against self-incrimination, to a trial by jury, and to confront his accusers. Defendant also indicated in this form that he understood his sentence *520 would be thirty years “with the Dept, of Corrections.”
At the plea colloquy, the trial judge personally addressed defendant in open court and ascertained that he had reviewed the waiver of rights form with his attorney. The trial judge then reviewed the form with defendant to ensure his understanding of his guilty plea. The judge advised defendant of his rights against self-incrimination, to a trial by jury, and to confront his accusers. He advised defendant of the nature of the crime to which he was pleading guilty, i.e., attempted second degree murder. The judge further advised defendant that the minimum sentence was ten years “in jail” and the maximum was fifty years “in jail.”[2] Defendant replied that he understood this.
Defendant indicated that no one had used force, coercion, intimidation, or promises of reward to obtain his guilty plea. He admitted that on May 12, 2012, he had attempted to commit second degree murder of a known juvenile (D.O.B. 2/23/96) and that he was pleading guilty because he was in fact guilty. The trial judge accepted defendant’s guilty plea, finding that defendant was aware of the nature of the crime, that he understood the consequences of his guilty plea, and that |fihis plea was knowing, free, and voluntary. After a victim impact statement, the trial coui't, taking into consideration defendant’s age of seventeen and the seriousness of the offense, sentenced defendant to thirty years “with the Department of Corrections” without benefit or parole, probation, or suspension of sentence. After denying defendant’s request for leniency, the court reiterated the sentence of thirty years “at hard labor” without benefits. At no time did defendant raise an objection to the hard labor aspect of his sentence.
Under similar circumstances, this Court has rejected challenges to guilty pleas on the basis of inadequate advice regarding sentencing matters. For instance, in State v. Shelton, 09-713 (La.App. 5 Cir. 3/9/10), 39 So.3d 601, 605, unit denied, 10-839 (La.11/5/10), 50 So.3d 812, the defendant argued that she should be allowed to withdraw her guilty plea because she was unaware prior to entering her plea that the law required that the first two years of her sentence be served without benefit of parole, probation, or suspension of sentence. This Court found that the defendant’s plea was knowing and voluntary and that there were no constitutional grounds upon which to allow a withdrawal of her guilty plea. Id. at 606. In reaching this conclusion, this Court relied on several factors.
First, although the waiver of rights form did not specifically state that the seven-year sentence to which the defendant agreed would be without statutory benefits as to the first two years, the form did state that the restrictions were part of the thirty-year maximum sentence allowed under the applicable statute. Id. at 605. Second, the defendant received a favorable plea bargain: she received a substantially shorter sentence than the maximum allowed and the State agreed not to file a habitual offender bill. Id. And third, the record showed that the defendant had been thoroughly advised of her Boykin rights by both the court and her attorney. Id. at 605-06.
17Likewise, in State v. Harrell, 09-364 (La.App. 5 Cir. 5/11/10), 40 So.3d 311, writ denied, 10-1377 (La.2/10/12), 80 So.3d 473, *521 the defendant argued his guilty plea was not knowing and voluntary because the trial court failed to advise him that the first five years of his sentence was to be without benefits. This Court rejected this argument, noting that the trial court had advised the defendant of his Boykin rights, the defendant had indicated his willingness to plead guilty throughout the plea colloquy, the defendant acknowledged that he had discussed the guilty plea with his attorney, and that he received a substantial benefit for pleading guilty. Harrell, 40 So.3d at 324.
In the instant case, the record reflects that defendant was advised of his Boykin rights by both his attorney and the trial court. Defendant indicated he understood these rights and that he waived them by pleading guilty. He expressed a willingness to plead guilty throughout the plea colloquy and received a favorable plea bargain with less than the maximum sentence.
Additionally, defendant was advised in his waiver of rights form and by the trial judge in open court that he was pleading guilty to a felony, which is defined as an offense punishable by death or imprisonment at hard labor. See La. R.S. 14:2(A)(4); La.C.Cr.P. art. 933(3). Defendant also indicated in his waiver of rights form that he understood his sentence would be thirty years “with the Dept, of Corrections,” a sentence which La. R.S. 15:824(0(1) reserves only for those “individuals actually sentenced to death or confinement at hard labor.”
Under these circumstances, we cannot find that defendant unknowingly and involuntarily pled guilty to the offense of attempted second degree murder. Additionally, we have reviewed the record for errors patent in accordance with La. C.Cr.P. art. 920. Our review reveals no errors that require corrective action.
18For the foregoing reasons, defendant’s conviction and sentence are affirmed.

AFFIRMED.

. It is noted that defendant’s date of birth is September 17, 1995. He was sixteen years old at the time of the offense.

. Defendant pled guilty to attempted second degree murder which is punishable by imprisonment at hard labor for not less than ten nor more than fifty years without benefit of parole, probation, or suspension of sentence. See La. R.S. 14:30.1(B); La. R.S. 14:27(D)(l)(a).