FREDERICKA HOMBERG WICKER, Judge.
Un this criminal proceeding, defendant appeals his guilty plea convictions for two counts of armed robbery in violation of La. R.S. 14:64 and one count of felon in possession of a firearm in violation of La. R.S. 14:95.1. For the following reasons, we affirm defendant’s convictions and sentences.

STATEMENT OF THE CASE

On December 5, 2011, the Jefferson Parish District Attorney filed a bill of information charging defendant, Justin J. Dad-ney [1], with two counts of armed robbery of Luis Ponce (count one) and Cesar Turcios (count two) in violation of La. R.S. 14:64 and one count of being a felon in possession of a firearm in | ¡¡violation of La. R.S. 14:95.1 (count five).[2] Defendant was arraigned on January 11, 2012, and pled not guilty.[3]
On June 25, 2012, defendant withdrew his plea of not guilty and pled guilty as charged.[4] Defendant was sentenced to twenty-five years imprisonment at hard labor for each armed robbery charge and fifteen years imprisonment at hard labor for the felon in possession of a firearm charge. As a condition of the plea agreement, the state agreed not to charge defendant as a multiple offender.
On June 25, 2012, defendant wrote a pro se letter to the trial court requesting to withdraw his guilty plea.[5] On June 28, 2012, defense counsel filed a written motion to withdraw/set aside defendant’s guilty plea. On August 14, 2012, the state filed a written opposition to defendant’s motion to withdraw his guilty plea. On October 31, 2012, the trial court conducted a hearing on defendant’s motion, which the *58 trial court denied. On January 14, 2014, defendant timely filed an application for post-conviction relief, and the trial court granted defendant an out-of-time appeal.

FACTS

During the guilty plea colloquy, the state provided the following factual basis for the plea:
On or about October 15th, 2011, Jeau Anthony Torrence, Kentrell Robinson, Orlando McKnight, and Justin Dadney, all went to 2216 Williams Boulevard which is a strip mall wherein is located, The Perfection’s Barber Shop. At approximately 9:30 P.m. [sic], at that time, Mr. Torrence, Robinson, and McKnight exited the vehicle while Mr. Dadney remained in the vehicle as a lookout. Those three gentlemen, entered the store. Each armed with a weapon or either a phandgun or an assault rifle. At that time, they took money from the two victims in this case, as well as an X Box, from inside the store.
Mr. Dadney, during the course of the robbery, exited the truck as they arrived at the scene to warn the other three that The Police were on their way. At that time, all four fled. They were apprehended shortly. Thereafter excepting [sic] Mr. McKnight, who made good his escape that evening, but was apprehended the following morning. Thus, completing the offense of the 14:64, Judge, [sic].
Also, it should be known for the record that Mr. Dadney has a prior second offense marijuana conviction. Accordingly, he should not have been in possession of a handgun, as he was that night. That’s constituting the violation of The Louisiana Revised Statute 14:951 [sic].
The bill of information further states that on or about October 15, 2011, defendant violated La. R.S. 14:64 by robbing Luis Ponce and Cesar Turcios while armed with a dangerous weapon (a gun) and violated La. R.S. 14:95.1 by having in his possession a firearm after having been previously convicted of second offense possession of marijuana in violation of La. R.S. 40:966(C).

DISCUSSION

On appeal, defendant challenges the constitutionality of his guilty plea. In his counseled appellate brief, defendant claims that his guilty plea should be set aside because the trial court failed to inform him of the nature of the charges against him as required under La.C.Cr.P. art. 556.1.[6] In *59 his | ¿pro se supplemental appellate brief, defendant adopts counsel’s assignment of error and additionally claims ineffective assistance of trial counsel. We address each assignment of error in turn:

Constitutionality of the Guilty Plea

In his first assignment of error, defendant claims that the trial court erred in failing to explain the nature of the charges against him during the guilty plea colloquy as required under La.C.Cr.P. art. 556.1. He contends that he lacked the understanding that he would be convicted of armed robbery under the circumstances of this case — where he alleges that he remained in the vehicle and was unaware that an armed robbery would occur.
The state responds that the trial court advised defendant of his constitutional rights prior to his guilty plea and that defendant was well aware of the nature of the charges against him. The state further contends that, had defendant been convicted by a jury, the state would have filed a multiple offender bill of information and defendant would have faced a substantial sentencing range of 49 and a half years to 198 years.
As a general proposition, the validity of a guilty plea turns on whether the defendant was informed of three fundamental constitutional rights — his privilege against compulsory self-incrimination, his right to trial by jury, and his right to confront his accusers- — and whether, having been informed of those rights, the defendant knowingly and voluntarily waived them. State v. Farinas, 09-396 (La.App. 5 Cir. 11/24/09), 28 So.3d 1132, 1139-40, writ denied, 10-0086 (La.6/25/10), 38 So.3d 335; State v. Juniors, 03-2425 (La.6/29/05), 915 So.2d 291, cert. denied, Juniors v. Louisiana, 547 U.S. 1115, 126 S.Ct. 1940, 164 L.Ed.2d 669 (2006) citing Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
A guilty plea normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea and precludes review of such defects by either appeal or post-conviction relief. State v. Riley, 14-98 (La.App. 5 Cir. 6/24/14), 145 So.3d 516, 519; State v. Howard, 11-1155 (La.App. 5 Cir. 5/22/12), 91 So.3d 564, 569, writ denied, 12-1826 (La.3/1/13), 108 So.3d 787. Additionally, once a defendant has been sentenced, only those guilty pleas which are constitutionally infirm may be withdrawn by appeal or post-conviction relief. Id. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boykin colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. Id.
A plea cannot be considered voluntary without notice of the essential nature of the charge or charges. This constitutional requirement is codified in La. C.Cr.P. art. 556.1(A)(1), which provides that the court shall not accept a guilty plea without first determining that defendant understands the nature of the charge against him. However, violations of Article 556.1 that do not rise to the level of *60 Boykin[7] violations are subject to harmless error analysis. Id. To determine whether a violation of Article 556.1 is harmless, the proper inquiry is whether the defendant’s knowledge and comprehension 17of the full and correct information would have likely affected his willingness to plead guilty. Howard, 91 So.3d at 570.
The test for the validity of a guilty plea does not depend on whether the trial court specifically informed the defendant of every element of the offense. Rather, the defendant must establish that he lacked awareness of the essential nature of the offense to which he was pleading. State v. Howard, supra. This Court has found that “[w]hen a defendant is represented by counsel, the trial court accepting his guilty plea may presume that counsel has explained the nature of the charge in sufficient detail that the defendant has notice of what his plea asks him to admit.” State v. Farinas, 28 So.3d at 1140-1141.
In this case, defendant was represented by counsel at the time of his guilty plea. On June 25, 2012, defendant’s counsel informed the trial court that defendant would withdraw his former not guilty plea and plead guilty to “two counts of 14:64, and one count of 14:95.1.” The trial judge in response addressed defendant personally, inquiring, “you are pleading guilty to two counts of armed robbery and one count of being a felon with a firearm; is that correct, sir?” Defendant responded affirmatively. The trial judge confirmed with defendant that he had discussed the plea with his counsel and also with his co-defendants.
The record reflects that the trial judge subsequently engaged in a colloquy with defendant, during which defendant was advised of his Boykin rights. The trial court addressed defendant personally and advised him that he had a right to trial by judge or jury, at which he would be presumed innocent and the state • would have the burden to prove his guilt beyond a reasonable doubt. The trial court advised defendant that he had the right to |snot testify or incriminate himself and a right to confront his accusers at trial. Defendant was also advised that, if he pled guilty, there would be no trial for the charges against him. The transcript reflects that defendant was advised of and orally waived these rights. Defendant also executed a written waiver of rights form, which additionally advised defendant of the mandatory minimum and maximum penalties provided by law.
Prior to accepting defendant’s guilty plea, the trial court advised defendant of the sentence he would receive. Further, the trial court advised defendant that, should he choose to plead guilty, the state would agree not to file a multiple offender bill of information against him.
Although the bill of information was not read into the record during the guilty plea colloquy, the state provided a factual basis for the plea. The record reflects that defendant did not express any confusion or ask any questions concerning the nature of the charges against him nor did he object to the factual basis provided. See State v. Wilson, 12-819 (La.App. 5 Cir. 5/16/13), 118 So.3d 1175, 1178. We find that a review of the record reflects that defendant was aware and understood the nature of the charges against him. This assignment of error lacks merit.

Ineffective Assistance of Counsel

In his pro se appellate brief, defendant asserts that he was denied effective assistance of counsel at the hearing on his motion to withdraw/set aside his guilty plea. Defendant complains that counsel *61 filed a written motion to withdraw/set aside the guilty plea without his permission. Defendant further complains that, at the hearing, counsel did not set forth any arguments to support the motion but rather made statements against his interest, forcing him to represent himself.
IsA criminal defendant is entitled to effective assistance of counsel under the Sixth Amendment to the United States Constitution and Article I, § 13 of the Louisiana Constitution. State v. Johnson, 08-1156 (La.App. 5 Cir. 4/28/09), 9 So.3d 1084, 1092, writ denied, 09-1394 (La.2/26/10), 28 So.3d 268. To prove ineffective assistance of counsel, a defendant must prove both that his attorney’s performance was deficient and that he was prejudiced by the deficiency. Id., 9 So.3d at 1092-93 (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984)). In order to show prejudice, a defendant must demonstrate that but for counsel’s deficient performance, the outcome of the proceedings would have been different. Id.
The Sixth Amendment does not guarantee a defendant errorless counsel and there is a strong presumption that counsel’s conduct will fall within the wide range of reasonable professional assistance. State v. Cambre, 05-888 (La.App. 5 Cir. 7/25/06), 939 So.2d 446, 460, writ denied, 06-2121 (La.4/20/07), 954 So.2d 158, citing State v. LaCaze, 99-584 (La.1/25/02), 824 So.2d 1063, 1078, cert. denied, 537 U.S. 865, 123 S.Ct. 263, 154 L.Ed.2d 110 (2002); see also State v. Gorman, 11-491 (La.App. 5 Cir. 2/14/12), 88 So.3d 590, 600.
Generally, an ineffective assistance of counsel claim is most appropriately addressed through an application for post-conviction relief filed in the district court, where a full evidentiary hearing can be conducted, rather than by direct appeal. However, when the record contains sufficient evidence to rule on the merits of the claim and the issue is properly raised in an assignment of error on appeal, it may be addressed in the interest oflmjudicial economy. State v. Taylor, 04-346 (La.App. 5 Cir. 10/26/04), 887 So.2d 589, 595.
In this case, the record reflects that, after pleading guilty as charged on June 25, 2012, defendant wrote a pro se letter to the trial court, dated June 25, 2012, requesting to withdraw his guilty plea. On June 28, 2012, defense counsel filed a formal motion to withdraw/set aside the guilty plea. On August 14, 2012, the state filed a written opposition to the motion. On October 31, 2012, the trial court held a hearing on defendant’s motion to withdraw/set aside his guilty plea.
At the beginning of the hearing, the trial court inquired as to whether there would be any argument on the motion. Defense counsel replied, “[y]our Honor, my client, made me aware that, I believe, he feels like he could have gotten a better plea agreement based on the statement of his co-defendant, which was available to him before the plea; is that right?” The transcript does not reflect that defendant expressed his disagreement with counsel’s statement and defendant does not assert on appeal that counsel’s statement was incorrect.
The trial judge permitted defense counsel to present defendant as a witness to explain his reasons for desiring to withdraw his guilty plea. Defendant testified that he did not commit armed robbery and that he was unaware, as he sat in the truck, that a robbery was about to take place. During the hearing on his motion to withdraw/set aside guilty plea, defendant explained to the trial judge, “I got the most time out of everybody on this ease, and I didn’t really do anything.”
*62 During defendant’s testimony, the trial court conducted a colloquy to determine whether defendant knowingly and voluntarily entered his guilty Nplea. At the conclusion of defendant’s testimony, the court found that defendant had been properly Boykinized, advised of his rights, and informed of the consequences of his guilty plea. The trial court denied defendant’s motion to withdraw his guilty plea. The transcript reflects that defense counsel formally objected to the trial court’s ruling.
Upon review of the entire record in this matter, there is nothing to indicate that defense counsel was deficient at the hearing on defendant’s motion to withdraw/set aside his guilty plea.[8] Therefore, for the following reasons, we find defendant cannot meet his burden to prove ineffective assistance of counsel relating to his motion to withdraw or set aside his guilty plea.
First, in response to defendant’s argument that his counsel was ineffective for filing a written motion to set aside his guilty plea without his permission, we find that defense counsel filed the written motion only after defendant had mailed a pro se letter to the trial court requesting that his plea be withdrawn and did so to preserve defendant’s rights and to secure defendant a contradictory hearing on his request to withdraw or set aside his plea. The filing of the motion clearly does not constitute ineffective assistance of counsel.
Second, we find no merit to defendant’s argument that he was denied effective assistance of counsel at the hearing on his motion to withdraw or set aside his guilty plea. Defense counsel’s filed motion contained an order, subsequently signed by the trial judge, setting the matter for contradictory | ^hearing. At the hearing on defendant’s motion to set aside his guilty plea, defense counsel presented defendant as a witness, over the state’s objection, to testify to his reasons to support his motion to set aside his guilty plea.
Louisiana law provides that, once a defendant has been sentenced, only those guilty pleas which are constitutionally infirm may be withdrawn by appeal or post-conviction relief. State v. Riley, 145 So.3d at 519. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boykin colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. Id. As discussed above, we find that defendant knowingly and freely entered into his guilty plea and was properly Boykinized during the guilty plea colloquy.
We find that defendant has failed to prove the elements required under Strickland, supra, to support a claim of ineffective assistance of counsel relating to the hearing on defendant’s motion to withdraw/set aside his guilty plea. This assignment is without merit.

ERRORS PATENT

The record was reviewed for errors patent, according to La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990).
Our review of the record reflects that the trial judge failed to impose *63 the mandatory fine of not less than one thousand dollars nor more than five thousand dollars as required by La. R.S. 14:95.1(B). This Court has the authority to correct an illegal sentence at any time. La.C.Cr.P. art. 882. However, this authority is permissive rather than mandatory.
In State v. Campbell, 08-1226 (La.App. 5 Cir. 5/26/09), 15 So.3d 1076, writ denied, 09-1385 (La.2/12/10), 27 So.3d 842, and State v. Ruffin, 13-393 (La.App. 5 Cir. 12/12/13), 131 So.3d 330, 341, writ denied, 14-0066 (La.6/13/14), 140 So.3d 1194, this Court considered the defendants’ indigent status and declined to correct an illegally lenient sentence where the district court failed to impose a statutorily mandated fine. Accordingly, in this case, due to defendant’s indigent status, we decline to exercise our authority to correct his illegally lenient sentence.

CONCLUSION

Accordingly, for the reasons provided herein, we affirm defendant’s convictions and sentences.

AFFIRMED

. The record reflects that defendant spelled his last name as “Dabney” in correspondence to the trial court; however, the bill of information and all other documentation in the record refers to defendant as Justin Dadney.

. Co-defendants, Orlando McRnight, Kentrell M. Robinson, and Jeau Anthony D. Torrence, were also charged in the same bill of information, and all three were charged with the armed robbery of Luis Ponce and Cesar Turc-ios (counts one and two). Mr. Robinson was also charged alone with simple burglary in count three. Mr. McKnight was charged alone with felon in possession of a firearm in count four.

. On January 20, 2012, defendant filed omnibus and pre-trial motions including motions to suppress statements, evidence, and identification. After a motion hearing was held on April 4, 2012, the trial court denied defendant’s motions to suppress identification and evidence.

. On June 11, 2012, defendant made an oral request for new counsel, which was denied on that same date.

. Defendant sent a second pro se letter requesting to withdraw his guilty plea, which was also dated June 25, 2012 and was filed on June 29, 2012.

. La.C.Cr.P. art. 556.1 provides:
A.In a felony case, the court shall not accept a plea of guilty or nolo contendere without first addressing the defendant personally in open court and informing him of, and determining that he understands, all of the following:
(1) The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law.
(2) If the defendant is not represented by an attorney, that he has the right to be represented by an attorney at every stage of the proceeding against him and, if financially unable to employ counsel, one will be appointed to represent him.
(3) That he has the right to plead not guilty or to persist in that plea if it has already been made, and that he has the right to be tried by a jury and at that trial has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself.
(4)That if he pleads guilty or nolo conten-dere there will not be a further trial of any kind, so that by pleading guilty or nolo contendere he waives the right to a trial.
B. In a felony case, the court shall not accept a plea of guilty or nolo contendere without first addressing the defendant personally in open court and determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement.
C. The court shall also inquire as to whether the defendant’s willingness to *59 plead guilty or nolo contendere results from prior discussions between the district attorney and the defendant or his attorney. If a plea agreement has been reached by the parties, the court, on the record, shall require the disclosure of the agreement in open court or, on a showing of good cause, in camera, at the time the plea is offered.
D. In a felony case a verbatim record shall be made of the proceedings at which the defendant enters a plea of guilty or nolo contendere.
E. Any variance from the procedures required by this Article which does not affect substantial rights of the accused shall not invalidate the plea.

. Boykin v. Alabama, 395 U.S. 238, 242, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969).

. The record reflects that defendant previously wrote a letter to the trial court concerning his counsel's performance after a trial continuance. The trial court conducted a hearing at which the trial judge explained to defendant that his counsel was prepared for trial but that the lack of an adequate jury pool resulted in a continuance of his trial. The trial judge informed defendant that ‘Tve not seen her [defense counsel] come to a case for trial, even slightly unprepared.”