Please notify all parties.

STATE EX REL. Darrin KENNY

v.

STATE of Louisiana

No. 2015–KH–1864

Supreme Court of Louisiana.

12/16/2016

PER CURIAM:

 Denied. Relator fails to show he received ineffective assistance of counsel before entering his guilty plea under the standard of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Relator is not entitled to assert insufficient evidence claims as his unconditional guilty plea waived all non-jurisdictional defects. *See State v. Crosby*, 338 So.2d 584, 586 (La. 1976). As to the remaining claims, relator has failed to satisfy the post-conviction burden of proof. *See* La.C.Cr.P. art. 930.2. We attach hereto and make a part hereof the District Court's written reasons denying relator's application.

Relator has now fully litigated his application for post-conviction relief in state court. Similar to federal habeas relief, *see* 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator's claims have now been fully litigated in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review. The District Court is ordered to record a minute entry consistent with this per curiam.

Attachment

STATE OF LOUISIANA *** PARISH OF OUACHITA
FOURTH JUDICIAL DISTRICT COURT

STATE OF LOUISIANA FILED: _____ APR 1 0 2015 _____

VS. NO. 14-F0092-4

DARRIN KENNY. BY: _____

## ORDER

Defendant filed a pro se, handwritten *Post-Conviction Relief Application* on March 23, 2015, claiming that the Court failed to furnish him with evidence favorable to his defense; that his confession was illegal and that he has been denied due process; that he was denied effective assistance of counsel; and that his conviction was obtained via illegally-obtained evidence.

Defendant alleges that the Court failed to furnish him with evidence favorable to his defense, when they denied his request for free copies of the transcripts from hearings held on April 22, 2014, and September 10, 2014. The Louisiana Supreme Court has held that an indigent is entitled to one free copy of his Boykin transcript, *State ex rel. Johnson v. Clerk of Court*, 479 So.2d 916 (La. 1985); a copy of the minute entry of his sentencing hearing, *State ex rel. Carter v. State*, 590 So.2d 1191 (La. 1992), and a copy of the bill of information or grand jury indictment charging him with committing a crime *State ex rel. Dotson v. Waldron*, 629 So.2d 1148 (La. 1993). Defendant was provided with a copy of his bill of information, a copy of his Boykin Transcript and a copy of the minute entry of his sentencing hearing. The Court has never denied Defendant access to transcripts from hearings held on April 22, 2014, and September 10, 2014. Defendant is merely not entitled to receive them free of charge.

Defendant claims that his plea was illegal, as he was coerced by his attorney, and that he has been denied due process. However, the Court found his plea to be

knowingly and intelligently entered and accepted his plea. Defendant indicated that he had an opportunity to ask his lawyer any questions he needed answered prior to the plea. He was satisfied with his attorney and had no further questions. Defendant understood that his lawyer would continue to represent him through trial and any appeal, should he choose not to enter a guilty plea. The Court went over Defendant's rights and Defendant waived same. Defendant indicated that no one had forced him to plead guilty or threatened him if he did not plead guilty. He further admitted that no one had made any other promise or statement to get him to plead guilty, including his lawyer, and that he was doing so freely and voluntarily.

Defendant also claims ineffective assistance of counsel, alleging that his attorney failed to argue or investigate several plausible lines of defense and coerced him into pleading guilty to avoid a life sentence. In order to make the claim of ineffective assistance of counsel, Defendant must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. *State v. Brooks*, 661 So.2d 1333 (La. 1995). Defendant had made no such showing. Effective assistance of counsel does not mean errorless counsel or counsel which may be judged ineffective on mere hindsight but counsel reasonably likely to render and actually rendering reasonably effective assistance. *State v. Seiss*, 428 So.2d 444 (La. 1983); *State v. Ratcliff,* 416 So.2d 528 (La. 1982). The assessment of an attorney's performance requires that his conduct be evaluated from counsel's perspective at the time of the occurrence. Great deference must be given to counsel's judgment, tactical decisions, and trial strategy. *State v. Tilmon*, 870 So.2d 607 (La.App. 2 Cir. 4/14/04), *writ denied*, 888 So.2d 866 (La. 12/17/04). This includes the decision of whether to advocate a plea agreement. There is a strong presumption that counsel has exercised reasonable professional judgment. *State v. Moore*, 575 So.2d 928 (La.App. 2 Cir. 1991), *cert. denied*, 537 U.S. 1236, 123 S.Ct. 1360 (2003).

Defendant claims that the trial court erred in failing to grant his oral Motion to Withdraw Guilty Plea. The Court denied his motion on September 10, 2014, just before sentencing, as the Court felt Defendant had received a proper *Boykin* examination, being fully advised of all of his rights and that the plea was voluntarily and in accordance with the standards set forth in *Boykin v. Alabama*.

Lastly, Defendant claims that his conviction was obtained via illegally obtained evidence, since he was allegedly advised by his attorney that Defendant's recorded statement would be used against him, coercing him into pleading guilty. Defendant indicates that any statement should have followed being advised of his *Miranda* rights. Despite Defendant's claims, he was not convicted based upon any evidence, as Defendant entered a plea of guilty.

Based on this record and the applicable jurisprudence, this Court finds that Defendant's claims are without merit. Therefore, for the reasons expressed above, Defendant's *Application for Post-Conviction Relief* is **DENIED**.

MONROE, LOUISIANA this ___ day of April, 2015.

DANIEL ELLENDER, JUDGE
4TH JUDICIAL DISTRICT COURT

Please provide notice to:
1) Defendant
2) District Attorney

A TRUE COPY
DEPUTY CLERK
4th JUDICIAL DISTRICT COURT

4-10-15 BK