STATE OF LOUISIANA

VERSUS

ALFORD LYNDELL

NO. 24-KH-376

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

*Wiseman*

Linda Wiseman
First Deputy, Clerk of Court

_____November 18, 2024_____

Linda Wiseman
First Deputy Clerk

**IN RE** ALFORD LYNDELL

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE DONALD L. FORET, DIVISION "H", NUMBER 21-1093

Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, and Marc E. Johnson

**WRIT DENIED**

Relator, Lyndell Alford, seeks review of the trial court's June 7, 2024 denial of his application for post-conviction relief ("APCR"). In his APCR, Relator alleged his 20-year sentences were excessive, and his manslaughter and felon in possession of a weapon pleas were uninformed and invalid. In denying the APCR, the trial court found no merit to Relator's arguments. The court reasoned that Relator's sentence was well below the maximum sentence for manslaughter, and the minute entry and the "Waiver of Constitutional Rights" form show Relator was fully advised of his constitutional rights to his highly favorable plea agreement.

Generally, when a defendant pleads guilty, he waives all non-jurisdictional defects in the proceedings leading up to the guilty plea and precludes review of such defects either by appeal or post-conviction relief. *State v. Turner*, 09-1079 (La. App. 5 Cir. 7/27/10), 47 So.3d 455, 459. Once a defendant has been sentenced, only those guilty pleas which are constitutionally infirm may be withdrawn by appeal or post-

conviction relief. *See State v. Gross*, 95-621 (La. App. 5 Cir. 3/13/96), 673 So.2d 1058, 1059-60.

In the instant case, Relator was originally charged with second degree murder, in violation of La. R.S. 14:30.1, which the State amended to a charge of manslaughter pursuant to a negotiated plea agreement. As part of the plea agreement, the State also agreed not to file a habitual offender bill of information. In addition, Relator's sentences for manslaughter and possession of a firearm by a convicted felon were ordered to run concurrently. Against that backdrop, we find that Relator's agreed-upon sentences foreclose his claim of an excessive sentence. *See* La. C.Cr.P. art. 881.2(A)(2), which provides that a "defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea."

Next, Relator maintains that his guilty plea was involuntary because the trial court failed to inform him "that intent was an element of the crime" with respect to the charge of possession of a firearm by a convicted felon. As an initial matter, we find that relator's claim of an involuntary guilty plea, without any supporting documentation such as his guilty plea transcript, guilty plea form, or minute entry, falls short of meeting his post-conviction burden of proof under La. C.Cr.P. art. 930.2.

In any event, the test for the validity of a guilty plea does not depend on whether the trial court specifically informed the defendant of every element of the offense. *State v. Blunt*, 20-171 (La. App. 5 Cir. 11/18/20), 307 So.3d 384, 392. When a defendant is represented by counsel, the trial court accepting his guilty plea may presume that counsel has explained the nature of the charge in sufficient detail that the defendant has notice of what his plea asks him to admit. *Id*. at 393 (quoting *State v. Dadney*, 14-511 (La. App. 5 Cir. 12/16/14), 167 So.3d 55, 60, *writ denied*, 15-90 (La. 10/30/15), 179 So.3d 614). La. C.Cr.P. art. 556.1(A)(1) also provides

that the trial court, before accepting a guilty plea, must personally inform the defendant of the nature of the charge to which the plea is offered, any mandatory minimum penalty, and the maximum possible penalty. However, "[a]ny variance from the procedures required by this Article which does not affect substantial rights of the accused shall not invalidate the plea." La. C.Cr.P. art. 556.1(E). Violations of La. C.Cr.P. art. 556.1 that do not rise to the level of *Boykin*[1] violations are subject to harmless error analysis. *See State v. Craig*, 10-854 (La. App. 5 Cir. 5/24/11), 66 So.3d 60, 64.

According to the official record, the minute entry from Relator's guilty plea and sentencing indicates that the trial court advised Relator of his *Boykin* rights, and Relator, who was represented by counsel, waived those rights. Additionally, Relator signed and initialed a waiver of rights form. Thus, even assuming the "intent" element was omitted by the trial court, any error would be harmless, particularly when Relator does not contend that knowledge of the intent element of the crime would have been a material factor in his decision to plead guilty. In fact, as discussed above, Relator received a substantial benefit from pleading guilty given that the State agreed not to file a habitual offender bill. As such, we find that even on the merits, Relator's claim of involuntary guilty pleas do not warrant relief.

As part of his claim, Relator appears to argue that the State's evidence was insufficient based on misidentification and the absence of DNA evidence. However, "a plea of guilty by its nature admits factual guilt and relieves the State of the necessity to prove it by a contested trial." *See State v. Fisher*, 19-488 (La. App. 5 Cir. 6/24/20), 299 So.3d 1238, 1243. Thus, we find that Relator is not entitled to assert an insufficient evidence claim, as his unconditional guilty pleas waived all non-jurisdictional defects. (*See State ex rel. Kenny v. State*, 15-1864 (La. 12/16/16),

---

[1] *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

207 So.3d 1053, 1054, finding that the defendant's guilty plea waived all non-jurisdictional defects, and therefore, the defendant was not entitled to assert insufficient evidence claims in support of his APCR, citing *State v. Crosby*, 338 So.2d 584, 586 (La. 1976)).  Therefore, we find that the trial court did not err in denying Relator's APCR.

Accordingly, the writ application is denied.

Gretna, Louisiana, this 18th day of November, 2024.

**MEJ**
**SMC**
**FHW**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN
TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS
DAY **11/18/2024** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF
THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY
COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**24-KH-376**

### E-NOTIFIED
24th Judicial District Court (Clerk)
Honorable Donald L. Foret (DISTRICT JUDGE)
Thomas J. Butler (Respondent)

### MAILED
Lyndell Alford #495943 (Relator)
Raymond Laborde Correctional Center
1630 Prison Road
Cottonport, LA 71327