STATE OF LOUISIANA                                  NO. 25-KH-238

VERSUS                                              FIFTH CIRCUIT

JUAN CANALES                                        COURT OF APPEAL

                                                    STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

                        _____August 14, 2025_____

                                Jalisa Walker
                                Deputy Clerk


**IN RE** JUAN CANALES
_____

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT,
PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE JUNE B.
DARENSBURG, DIVISION "C", NUMBER 13-458
_____

                    Panel composed of Judges Fredericka Homberg Wicker,
                        John J. Molaison, Jr., and Timothy S. Marcel


        **WRIT DENIED**

        This matter is before us on the relator's Application for Supervisory Writ(s)
wherein he seeks to have this Court exercise its supervisory jurisdiction to reverse
the district court's denial of his Motion to Vacate Habitual Offender Adjudication
and Correct Illegal Sentence (the "Motion to Vacate"). He contends that his
sentence as a second felony offender is illegal because he was a juvenile at the time
of the commission of the predicate offense that was used to enhance his sentence.
For the reasons stated below, we deny this application.

        **Relevant Facts and Procedural Posture**

        Initially, we observe that the relator failed to attach to his writ application
any pleadings relative to the predicate offense. Therefore, on the showing made,
the relator failed to present evidentiary support for his complaints made here.
However, in the interest of judicial economy, we will address the issue raised in
the relator's writ application.

        The relator's date of birth is September 13, 1981. On September 1, 1999, in
24th JDC case number 99-5803, the relator was charged by bill of information with
possession of marijuana with intent to distribute on August 11, 1999, a felony, in
violation of La. R.S. 40:966(A). On March 15, 2000, the relator pled guilty as
charged and was sentenced, under La. C.Cr.P. art. 893(A), to serve five years,
suspended, with three years of active probation. His probation was terminable
after one year, upon compliance with certain conditions. At the time of the guilty
plea/conviction, he was 18 years old.


25-KH-238

On March 28, 2013, in 24th JDC case number 13-458, the relator was charged by bill of information with one count of sexual battery upon a known juvenile in violation of La. R.S. 14:43.1 After a trial by a six-person jury, he was found guilty as charged.[1] On October 13, 2015, the relator was sentenced to serve 10 years at hard labor, without benefit of parole, probation or suspension of sentence. The State immediately filed a multiple offender bill of information charging the relator with being a second felony offender, based on his September 2000 guilty plea to La. R.S. 40:966(A), a felony.[2] The relator stipulated to the multiple offender bill, his sentence was vacated, and he was sentenced as a second felony offender to 15 years at hard labor without benefits of parole, probation or suspension of sentence. The relator's conviction and sentence (as amended) were affirmed by this Court. *State v. Canales,* 16-272 (La. App. 5 Cir. 12/7/16), 206 So.3d 458, *writ denied*, 17-46 (La. 9/22/17), 227 So.3d. 854.

On September 20, 2017, the relator filed a Motion to Correct an Illegal Sentence under LSA-R.S. 15:308(B) and *State ex rel Esteen v. State* (16-0949 (La. 1/30/18), 239 So.3d 233). That motion was denied by the district court, which found that *Esteen* "did not apply to the facts of this case because the defendant was sentenced under the version of the law not affected by statutory changes and the new rule in *Esteen*." The relator took writs to this Court, which were denied on September 18, 2023. *In re: Juan Canales,* 23-395 (La. App. 5 Cir. 9/18/23)(unpublished writ disposition). In denying the writ application, we stated that:

> Relator contends that the retroactive application of La. R.S. 15:308(B) now renders him ineligible for his sentence as a second-felony offender because his 2000 conviction for possession with the intent to distribute marijuana in violation of La. R.S. 40:966(A) can no longer be used as a predicate offense to enhance his sentence. Specifically, Relator asserts that with respect to his prior conviction, he was sentenced under La. C.Cr.P. 893(A) – a provision which he claims now allows him relief under *Esteen* and La. R.S. 15:308.

> Upon review of Relator's application we find that … [t]he use of Relator's 2000 conviction … as a predicate offense to enhance his sentence for sexual battery of a juvenile in 2015 was authorized by La. R.S. 15:529.1(C), then and now. Thus Relator has failed to point to an illegal term in his sentence.

(Footnote omitted).

The relator then filed the Motion to Vacate on March 11, 2025, which was denied by the district court on March 18, 2025. In its judgment, the district court stated:

> The defendant again seeks review of his habitual offender sentence. The court finds no error in the past proceedings. The defendant was sentenced, both for the crime of sexual battery and as a habitual

---

[1] The victim, A.V., was Relator's former step-daughter. She was 18 years old at the time of Relator's trial in 2015, but her allegations stemmed from criminal actions taken by Relator years earlier when she was 6 or 7 years old. Thus, the crime(s) would have occurred in 2002 or 2003.
[2] The multiple bill states that Relator pled guilty to the predicate offense on March 15, 2015, but he actually pled guilty to that offense on March 15, 2000, as stated above.

offender, under the law in effect at the time. His sentence has been reviewed by this and the appellate court. The defendant has not shown any error or any basis to warrant a lesser sentence.

The relator filed a Notice of Intention to Apply for Supervisory Writs, which was deemed timely filed by the district court. The relator timely filed the instant application on May 30, 2025, alleging that his sentence had been enhanced based on a juvenile adjudication, which is impermissible under *State v. Brown,* 03-2788 (La. 7/6/04), 879 So.2d 1276.

**Discussion**

The relator seeks relief under La. C.Cr.P. art. 882(A), which provides that "[a]n illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review." As we discussed above, we held in our September 2023 denial of the relator's prior writ application seeking review of the denial of his Motion to Correct an Illegal Sentence, the use of his 2000 conviction of violating La. R.S. 40:966(A) as the predicate to enhance his 2015 sentence for violating La. R.S. 14:43.1 was authorized by applicable law then and now. In the instant Motion to Vacate and this writ application, the relator has not pointed to any illegal term in his sentence; he has only challenged the sufficiency of his habitual offender status. Accordingly, the relator is not entitled to relief under La. C.Cr.P. art. 882.

If considered as an application for post-conviction relief (an "APCR"), the relator's Motion to Vacate would be untimely under La. C.Cr.P. art 930.8(A) because more than two years have elapsed since his conviction and sentence became final. The relator knew or should have known of this claim asserted in the Motion to Vacate at the time of his direct appeal and certainly within two years of his conviction and sentence becoming final.

The Motion to Vacate also could not be considered as an APCR under La. C.Cr.P. art. 930.4, which prohibits repetitive applications. The relator's claim that the predicate offense could not legally form the basis for his habitual offender adjudication has already been decided by this Court in denying his 2023 writ application, which sought review of the denial of his Motion to Correct an Illegal Sentence.

Further, the relator stipulated to his habitual offender status and, by doing so, waived his right to any non-jurisdictional defects in the sentencing proceedings prior to his guilty plea. The relator's guilty plea precludes review of such defects by either appeal or post-conviction relief. *State v. Abrego*, 21-166 (La. App. 5 Cir. 12/1/21), 334 So.3d 883, 891; *writ denied*, 21-1949 (La. 2/22/22), 333 So.3d 450; *State v. Dadney*, 14-511 (La. App. 5 Cir. 12/16/14), 167 So.3d 55, 59, *writ denied*, 15-90 (La. 10/30/15), 179 So.3d 614; *State v. Mitchell*, 23-225 (La. App. 5 Cir. 12/27/23), 379 So. 3d 127, 133, *writ denied,* 2024-00146 (La. 10/1/24), 393 So. 3d 869

Finally, we find that the instant writ application lacks merit. In support of his request for us to correct an alleged illegal sentence, the relator relies on *State v. Brown,* 03-2788 (La. 7/6/04), 879 So.2d 1276. In *Brown,* the Louisiana Supreme Court held that a prior juvenile adjudication of delinquency cannot be used as a predicate offense, under La. R.S. 15:529.1, to enhance the sentence on an adult

felony conviction. The relator's reliance on *Brown* is misplaced. *Brown* does not apply in this case because he was not adjudicated as a delinquent, in the Juvenile Court for the Parish of Jefferson (the "Juvenile Court"). *See* LSA-R.S. 13:1596(A) and 1599(A); La. Ch.C. art. 303(1). Instead, he was convicted as an adult felon in the 24th Judicial District Court.

La. Ch.C. art. 804(1)(a) provides that: "[b]efore March 1, 2019 … 'child' means any person under the age of twenty-one, including an emancipated minor, who commits a delinquent act **before attaining seventeen years of age**." (Emphasis added). The relator has admitted that he was 17 years old at the time of the commission of the predicate offense. Thus, he was not a juvenile when he was charged with the predicate offense in 1999, nor when he pled guilty to the predicate offense in 2000. The relator's predicate felony conviction was not a juvenile conviction and was properly charged in the multiple bill to which he pled guilty.

Accordingly, for the foregoing reasons, we deny the relator's Application for Supervisory Writ.

Gretna, Louisiana, this 14th day of August, 2025.

**FHW**
**JJM**
**TSM**

4

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. TRAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **08/14/2025** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**25-KH-238**

CURTIS B. PURSELL
CLERK OF COURT

### E-NOTIFIED
24th Judicial District Court (Clerk)
Honorable June B. Darensburg (DISTRICT JUDGE)
Thomas J. Butler (Respondent)

### MAILED
Juan Canales #424051 (Relator)
Rayburn Correctional Center
27268 Highway 21
Angie, LA 70426