MOLAISON, J.
*1274 On October 3, 2017, defendant, Christopher Lucia, pled guilty to one count of first degree robbery, a violation of La. R.S. 14:64.1. The trial court sentenced Mr. Lucia to eight years imprisonment at hard labor as per the plea agreement. Mr. Lucia was granted a pro se appeal. Mr. Lucia's appointed appellate counsel has filed an Anders[1] brief on his behalf, asserting there is no basis for a non-frivolous appeal. Further, Mr. Lucia has filed a pro se supplemental brief assigning errors. For the following reasons, we affirm Mr. Lucia's conviction and sentence and, further, grant appellate counsel's motion to withdraw as attorney of record.
FACTS AND PROCEDURAL HISTORY
In this case, Mr. Lucia's conviction resulted from a guilty plea, so the circumstances surrounding the offense were not fully developed at a trial. Here, the record reflects that on or about November 8, 2016, while in Jefferson Parish and armed with a firearm, Mr. Lucia robbed Chang Zou.
On February 10, 2017, the Jefferson Parish District Attorney filed a bill of information charging Mr. Lucia with one count of armed robbery with a firearm in violation of La. R.S. 14:64 and La. R.S. 14:64.3(A), respectively. At his arraignment on February 13, 2017, Mr. Lucia pled not guilty. Thereafter, Mr. Lucia filed omnibus motions seeking suppression of the evidence, statements, and identification, all of which were denied following a hearing on June 23, 2017.
On October 3, 2107, pursuant to a negotiated plea agreement, the State agreed to refrain from filing a multiple offender bill against Mr. Lucia and amended the bill of information to a charge of first degree robbery,[2] a violation of La. R.S. 14:64.1, in exchange for which Mr. Lucia withdrew his former plea of not guilty and entered a plea of guilty to the amended charge.[3] During the plea colloquy, the trial court asked Mr. Lucia to explain what happened *1275 on November 8, 2016 that would lead him to plead guilty to first degree robbery. In response, Mr. Lucia stated that on that date, he robbed the Jade Buddha Restaurant while armed with a weapon, or caused the person whom he robbed to believe that he was armed with a weapon. After accepting Mr. Lucia's guilty plea as having been freely and voluntarily made, the trial court sentenced Mr. Lucia to eight years imprisonment at hard labor without benefit of probation, parole, or suspension of sentence in accordance with the plea agreement.[4]
Mr. Lucia timely filed a pro se motion for appeal on October 25, 2017, which was granted on November 8, 2017. The instant appeal followed.
LAW AND DISCUSSION
Anders Brief
Under the procedure adopted by this Court,[5] appointed appellate counsel has filed a brief asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, pursuant to Anders , supra , and State v. Jyles , 96-2669 (La. 12/12/97), 704 So.2d 241 (per curiam ), appointed counsel has filed a motion to withdraw as counsel of record.
In Anders , supra , the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if he finds his case to be wholly frivolous after a conscientious examination of it.[6] The request must be accompanied by "a brief referring to anything in the record that might arguably support the appeal" so as to provide the reviewing court "with a basis for determining whether appointed counsel have fully performed their duty to support their clients' appeals to the best of their ability" and to assist the reviewing court "in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw." McCoy v. Court of Appeals of Wisconsin , Dist. 1 , 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988) (internal citations omitted).
In State v. Jyles , supra , 704 So.2d at 241, the Louisiana Supreme Court stated that an Anders brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The Supreme Court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel "has cast an advocate's eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration." Id.
When conducting a review for compliance with Anders , an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous.
*1276 Bradford , supra , 676 So.2d at 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel's motion to withdraw and affirm the defendant's conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute counsel for the appellant. Id.
In her brief, counsel for Mr. Lucia asserts that after a detailed review of the record, she could find no non-frivolous issues to raise on appeal. Appellate counsel states that prior to withdrawing his plea of not guilty and entering a plea of guilty, Mr. Lucia was fully informed of the legal consequences of changing his plea by both his trial counsel and the trial court.
Appellate counsel provides that an examination of the plea colloquy revealed that prior to accepting his guilty plea, the trial court advised Mr. Lucia of his constitutional rights to a trial by jury, to remain silent, to confront witnesses, and to compel the attendance of witnesses, in order to ensure that Mr. Lucia was knowingly and intelligently waiving those rights. Further, counsel states that Mr. Lucia was advised that, by pleading guilty, he was also waiving his right to object or assert any defect, such as an illegal arrest, illegal confession or illegal line-up. Counsel notes that Mr. Lucia made no reservation to appeal any pre-trial rulings. Counsel further asserts that Mr. Lucia was informed of the sentencing range to which he was exposed for the crime of first degree robbery, and was advised of the sentence to be imposed by the trial court as a result of his guilty plea. Counsel concludes that there are no credible arguments to advance on appeal and, therefore, requests that this Court grant her request to withdraw and conduct an errors patent review.
Appellate counsel has filed a motion to withdraw as attorney of record, which provides that she has notified Mr. Lucia of the filing of this motion and advised him of his right to file a pro se brief. Additionally, this Court sent Mr. Lucia a letter by certified mail informing him that an Anders brief had been filed and that he had until August 13, 2018 to file a pro se supplemental brief.[7] Mr. Lucia timely filed a pro se supplemental brief.
The State responds that appellate counsel's brief shows a conscientious and thorough review of the record, and a complete description of the procedural history and facts of the case. The State requests that this Court affirm Mr. Lucia's conviction and sentence. It notes that the trial court engaged Mr. Lucia in a Boykin[8] colloquy, whereby Mr. Lucia was made aware of the *1277 rights he was waiving by pleading guilty, the sentencing range for his conviction, and that his sentence would be eight years at hard labor, without benefits, which sentence was within the statutory limits pursuant to La. R.S. 14:64.1. The State notes that the trial court fully explained to Mr. Lucia the time limitations for appeal and post-conviction relief. Further, the State agrees with appellate counsel that Mr. Lucia did not reserve any rights to appeal any pre-trial rulings of the trial court prior to pleading guilty and, consequently, has waived those rights. The State further agrees with appellate counsel that Mr. Lucia voluntarily and intelligently entered a plea of guilty and that the record does not contain any non-frivolous issues for appellate review. The State notes that appellate counsel has complied with the procedures set forth in Anders and Jyles and should be granted permission to withdraw.
An independent review of the record supports appellate counsel's assertion that there are no non-frivolous issues to be raised on appeal.
The indictment properly charged Mr. Lucia and plainly and concisely stated the essential facts constituting the offense charged. It also sufficiently identified Mr. Lucia and the crime charged. See generally La. C.Cr.P. arts. 462 - 466. Further, the minute entries reflect that Mr. Lucia and his counsel appeared at all crucial stages of the proceedings against him, including his arraignment, guilty plea, and sentencing. As such, there are no appealable issues surrounding Mr. Lucia's presence.
Further, Mr. Lucia pled guilty in this case. Under both state and federal jurisprudence, it is well-settled that an unqualified guilty plea waives all non-jurisdictional defects occurring prior thereto, and precludes review of such defects either by appeal or post-conviction relief. State v. Turner , 09-1079 (La. App. 5 Cir. 7/27/10), 47 So.3d 455, 459. Here, defendant entered an unqualified guilty plea and, therefore, all non-jurisdictional defects are waived.
Also, once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boykin colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain, or what he justifiably believes was a plea bargain, and that bargain is not kept. State v. McCoil , 05-658 (La. App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124.
A review of the record in this case reveals no constitutional infirmity in Mr. Lucia's guilty plea. The record shows that he was aware he was charged with and pleading guilty to the crime of first degree robbery. During the plea colloquy, the trial court advised Mr. Lucia of his right to a jury trial, his right to confrontation, and his privilege against self-incrimination as required by Boykin v. Alabama , supra , and Mr. Lucia indicated that he understood those rights. Further, Mr. Lucia signed the waiver of rights form, indicating he understood he was waiving these rights by pleading guilty.
During his guilty plea colloquy and in his waiver of rights form, Mr. Lucia indicated that he had not been forced, coerced, or threatened into entering his guilty plea. Mr. Lucia was informed during the plea colloquy of the minimum and maximum sentence he faced and of the actual sentence that would be imposed if his guilty plea was accepted. After the colloquy with Mr. Lucia, the trial court accepted Mr. Lucia's plea as knowingly, intelligently, and voluntarily made.
With regard to Mr. Lucia's sentence, La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of a sentence imposed in conformity with a plea agreement, which was set forth in the record at the time of the plea.
*1278 State v. Washington , 05-211 (La. App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173. Here, Mr. Lucia's sentence was imposed in accordance with the plea agreement set forth in the record at the time of the plea.
Even if Mr. Lucia could seek review of his sentence, we would find no merit. Here, Mr. Lucia pled guilty to first degree robbery, which is a violation of La. R.S. 14:64.1. The trial judge imposed a sentence of eight years imprisonment at hard labor without benefits, which falls within the sentencing range prescribed by the first degree robbery statute. See La. R.S. 14:64.1.
Moreover, Mr. Lucia's plea agreement was greatly beneficial to him. Prior to the plea agreement, Mr. Lucia was facing an armed robbery charge, with a possible sentence of 99 years to life. Pursuant to the plea agreement, Mr. Lucia received an eight-year sentence on the amended charge of first degree robbery, and the State agreed to forgo filing a multiple offender bill against him.
Based on the foregoing, we find that Mr. Lucia's guilty plea and sentence imposed pursuant to a plea agreement do not present any non-frivolous issues on appeal.
Pro Se Assignment of Error
Mr. Lucia filed a pro se supplemental brief assigning as error that his guilty plea is constitutionally infirm because it was involuntarily and unknowingly made. Specifically, Mr. Lucia contends the trial court owed him a duty to be allowed to proceed to trial or to enter an Alford plea.[9] He further argues that he maintained his innocence to the crime of first degree robbery and that a "hypothetical Alford plea would constitute [his] sentence excessive." Additionally, Mr. Lucia contends that his sentence is excessive because the trial judge failed to articulate every aggravating and mitigating circumstance set forth in La. C.Cr.P. art. 894.1, or to consider those guidelines in particularizing the sentence imposed upon him. Specifically, Mr. Lucia argues the trial judge failed to make a determination as to why he was an unlikely candidate for probation or could not be "rehabilitated by means other than imprisonment," such as "addiction based treatment or Divine Intervention through prayer and sacrifice." Lastly, Mr. Lucia maintains that the brief of his appellate counsel failed to provide a full analysis of his felony conviction; consequently, he requests that this Court deny counsel's motion to withdraw as counsel of record.
In support of his contention that he informed the trial court that he wanted to proceed to trial, Mr. Lucia points to the following verbal exchange found in the record:
THE COURT: And knowing what your options are, it's your desire to proceed to trial?
DEFENDANT: (No response.)
THE COURT: Sir, is your desire to proceed to trial?
DEFENDANT: Yes, ma'am.
When considering the record in its entirety, we find Mr. Lucia takes this response indicating that he wished to proceed to trial out of context. The above questioning by the trial court took place during the Frye hearing,[10] which was held *1279 on the same date as, and immediately prior to, the guilty plea proceeding. The record reflects that following Mr. Lucia's answer above, the trial court asked defense counsel whether she had any questions for Mr. Lucia, to which defense counsel responded that she did not have any questions related to Mr. Lucia's answer, but that she was "trying to verify the good time for November 1." Thereafter, discussions between the trial court and defense counsel took place regarding the effect of recent legislative changes to "good time" calculations and whether the date of Mr. Lucia's sentencing in this case would render those changes applicable. According to the record, defense counsel requested permission from the court to make a phone call, and when she returned from doing so, she advised the court that Mr. Lucia would plead guilty.
The record reflects that, at that point of the proceedings, Mr. Lucia was sworn in again, after having previously been sworn in at the commencement of the Frye hearing, and the guilty plea colloquy began. As previously stated, throughout the colloquy, as evidenced by his signature affixed to the waiver of rights form, Mr. Lucia expressed his willingness to plead guilty, his understanding of the crime charged, and the rights he was waiving. Further, he denied that anyone had forced, intimidated, coerced, or promised him anything in exchange for his plea. Specifically, in both the waiver of rights form and during the colloquy, Mr. Lucia waived his right to proceed to a jury trial. Moreover, the record shows that, at times prior to the Frye hearing, during the Frye hearing, and during the colloquy, the court indicated that a jury was being held and was waiting. At one point during the colloquy, the trial judge even requested that the jury be brought in. Other than the one instance referred to by Mr. Lucia in his brief, we have found no other reference in the record wherein he indicated that he wanted to proceed to trial. Consequently, we find Mr. Lucia's plea was knowingly and voluntarily made.
Regarding Mr. Lucia's contention that he maintained his innocence and should have been allowed to enter an Alford plea,[11] the record reflects that he entered an unqualified plea of guilty. On that basis, it appears that a factual basis for Mr. Lucia's guilty plea was not required.[12]
*1280 Moreover, Mr. Lucia admitted his guilt to the crime, as evidenced by the following exchange:
THE COURT: What occurred on November 8, 2016, that's causing you to plead guilty to first degree robbery[?]
DEFENDANT: On November 8, 2016, the business of Jade Buddha got robbed[.]
THE COURT: Did you rob the restaurant?
DEFENDANT: No.
THE COURT: Okay, All right. Can you please bring the jury in.
DEFENDANT: Do I say I robbed the restaurant?
THE COURT: Have a seat, sir.
DEFENDANT: Did I say I robbed the restaurant? Yes - yes, ma'am, I robbed the Jade Buddha.
THE COURT: Chance, hold up. Sir, it's very simple. Did you rob it or not rob it? If you didn't rob it, I cannot accept your plea of guilty.
DEFENDANT: Yes, ma'am.
Also, during the colloquy, and in conjunction with the waiver of rights form, Mr. Lucia advised that he was admitting that he committed the crime by pleading guilty to it.
Turning to Mr. Lucia's arguments regarding his sentence, as we previously stated, the record supports a finding that his sentence was imposed in accordance with the plea agreement. Consequently, under La. C.Cr.P. art. 881.2(A)(2), Mr. Lucia is precluded from seeking review of his sentence because it was imposed in accordance with the plea agreement, which was set forth in the record at the time of the plea. For the reasons previously discussed, Mr. Lucia's plea agreement was extremely advantageous to him in light of his prior criminal history, and his sentence fell within the sentencing range set forth in the statute. See La. R.S. 14:64.1(B).[13] Moreover, the trial court is not mandated to comply with La. C.Cr.P. art. 894.1 when a defendant pleads guilty and agrees to the sentence imposed, as occurred in the case sub judice . See State v. Nelson , 17-191 (La. App. 5 Cir. 11/29/17), 232 So.3d 1274, 1283 ; State v. Dickerson , 11-236 (La. App. 5 Cir. 11/15/11), 80 So.3d 510, 521. Accordingly, we find Mr. Lucia's pro se assignment of error to be without merit, and that appellate counsel's motion to withdraw as counsel of record should be granted.
ERRORS PATENT REVIEW
The record was reviewed for errors patent, according to La. C.Cr.P. art. 920 ; State v. Oliveaux , 312 So.2d 337 (La. 1975) ; State v. Weiland , 556 So.2d 175 (La. App. 5th Cir. 1990). Our review revealed no errors patent in this case.
DECREE
For the foregoing reasons, we affirm defendant's conviction and sentence for one count of first degree robbery, in violation *1281 of La. R.S. 14:64.1, and grant appellate counsel's motion to withdraw as attorney of record.
AFFIRMED; MOTION TO WITHDRAW GRANTED

Anders v. California , 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

The record reflects that the State had previously amended the bill on October 2, 2017, from the charge of armed robbery with a firearm to armed robbery. The bill was amended a second time on October 3, 2017, from the charge of armed robbery to first degree robbery.

Also on October 3, 2017, under Twenty-Fourth Judicial District Court, Case Number 17-0611, as a part of the plea agreement, Mr. Lucia pled guilty to theft of goods in violation of La. R.S. 14:67.10(B)(3) and was sentenced to two years at hard labor, and fines of $150 each to the Indigent Defender Board and the Jefferson Parish Sheriff's Office. Mr. Lucia's conviction and sentence in Case Number 17-0611 are not at issue in this appeal. Additionally, Mr. Lucia's plea was entered without a reservation of his right to appeal the trial court's previous denial of his motions to suppress.

The trial court also ordered Mr. Lucia to pay fines of $150.00 each to the Indigent Defender Board and the Jefferson Parish Sheriff's Office. Further, the trial court ordered that the eight-year sentence imposed in the instant case would run concurrently with the two-year sentence imposed upon Mr. Lucia in connection with his shoplifting conviction in Twenty-Fourth Judicial District Court, Case Number 17-0611.

In State v. Bradford , 95-929 (La. App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11, this Court adopted the procedures outlined in State v. Benjamin , 573 So.2d 528, 530 (La. App. 4th Cir. 1990), which were sanctioned by the Louisiana Supreme Court in State v. Mouton , 95-0981 (La. 4/28/95), 653 So.2d 1176, 1177 (per curiam ).

The United States Supreme Court reiterated Anders in Smith v. Robbins , 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

The certified letter sent to Mr. Lucia by this Court was originally sent on February 20, 2018. In response, on March 26, 2018, Mr. Lucia filed a request for an extension of time to file his brief. On March 27, 2018, this Court issued an order that a copy of the appellate record be sent to Mr. Lucia and that granted him an additional 30 days, or until April 27, 2018, to file his pro se supplemental brief. On May 23, 2018, the order mailed to Mr. Lucia on March 27, 2018 was returned to this Court as "undelivered." It was later determined that Mr. Lucia had been transferred to another facility. On July 13, 2018, this Court issued a second order that a copy of the record be sent to Mr. Lucia at this facility and that he be given until August 1, 2018 to file his pro se supplemental brief. Thereafter, the record was once again returned to this Court with a notation that Mr. Lucia had been transferred to a third facility. That same day, the record was sent to Mr. Lucia at the current facility. By order dated August 6, 2018, this Court granted Mr. Lucia an extension of time until August 13, 2018 to file his pro se supplemental brief.

Boykin v. Alabama , 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

North Carolina v. Alford , 400 U.S. 25, 31, 91 S.Ct. 160, 164, 27 L.Ed.2d 162 (1970).

What is now commonly referred to as a "Frye hearing" arose out of the case of Missouri v. Frye , 566 U.S. 134, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012), wherein the Supreme Court expanded the protection of the Sixth Amendment right to effective assistance of counsel beyond formal legal proceedings to include plea negotiations. As a result, attorneys are required to communicate to their clients every formal plea offer proposed by the State which may be favorable to the accused. Frye , 566 U.S. at 145, 132 S.Ct. 1399. Subsequent jurisprudence has interpreted this expansion to include the duties established by the Supreme Court in Strickland and Padilla , which include the duty to advise the defendant as to the advantages and disadvantages of a plea offer after making reasonable investigations thereof. State v. Surus , 13-903 (La. App. 3 Cir. 4/2/14), 135 So.3d 1236, 1245, writ denied , 14-0882 (La. 2/6/15), 157 So.3d 1136 (citing Strickland v. Washington , 466 U.S. 668, 690, 104 S.Ct. 2052, 2066, 80 L.Ed.2d 674 (1984) ; Padilla v. Kentucky , 559 U.S. 356, 130 S.Ct. 1473, 1486, 176 L.Ed.2d 284 (2010) ). The purpose of a Frye hearing is to make a record of the fulfillment of defense counsel's obligation to communicate favorable plea offers and to effectively assist the defendant in deciding whether to accept the State's offer or proceed to trial.

The "best interest," or Alford plea, is one in which the defendant pleads guilty while maintaining his innocence. State v. McCoil , 924 So.2d at 1122-23. According to Alford , a defendant may plead guilty, without foregoing his protestations of innocence, if "the plea represents a voluntary and intelligent choice among the alternative courses of action open to defendant[,] ... especially where the defendant was represented by competent counsel whose advice was that the plea would be to the defendant's advantage." State v. Jones , 07-512 (La. App. 5 Cir. 12/27/07), 975 So.2d 21, 24-25, writ denied , 08-325 (La. 9/26/08), 992 So.2d 982.

While most pleas of guilty consist of both a waiver of trial and an express admission of guilt, the latter element is not a constitutional requisite to the imposition of a criminal penalty. An individual accused of a crime may voluntarily, knowingly, and with full understanding consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime. Alford , 400 U.S. at 26, 91 S.Ct. at 162. However, pleading guilty under Alford requires the establishment of a factual basis for the plea when a defendant protests that he is innocent. State v. Duncan , 16-493 (La. App. 5 Cir. 2/8/17), 213 So.3d 1247, 1254 n. 6, writ denied sub nom. 17-0668 (La. 2/2/18), 233 So.3d 618. When a defendant pleads guilty under Alford , constitutional due process requires that the record contain strong evidence of actual guilt. McCoil , 924 So.2d at 1123-1124.

La. R.S. 14:64.1(B) provides that "[w]hoever commits the crime of first degree robbery shall be imprisoned at hard labor for not less than three years and for not more than forty years, without benefit of parole, probation or suspension of imposition or execution of sentence." Consequently, Mr. Lucia was not eligible for probation or rehabilitation by means other than imprisonment.