STATE OF LOUISIANA

VERSUS

DONTE MITCHELL

NO. 23-KA-225

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 21-4026, DIVISION "L"
HONORABLE DONALD A. ROWAN, JR., JUDGE PRESIDING

December 27, 2023

**STEPHEN J. WINDHORST**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Jude G. Gravois, and Stephen J. Windhorst

**CONVICTION AND SENTENCE AFFIRMED**
    **SJW**
    **SMC**
    **JGG**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Morgan Naquin
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
Honorable Paul D. Connick, Jr.
Juliet L. Clark
Thomas J. Butler

COUNSEL FOR DEFENDANT/APPELLANT,
DONTE C MITCHELL
John C. Butler
John D. Perez

**WINDHORST, J.**

Appellant/defendant, Donte C. Mitchell, appeals his guilty plea conviction for vehicular homicide in violation of La. R.S. 14:32.1. For the following reasons, we affirm.

**PROCEDURAL HISTORY**

On August 26, 2021, the Jefferson Parish District Attorney's Office filed a bill of information charging defendant with vehicular homicide of Caleb Clayton, while engaged in the operation of a motor vehicle and while having a blood alcohol content ("BAC") of .09% and/or while having tetrahydrocannabinoid in his bloodstream, in violation of La. R.S. 14:32.1. On October 15, 2021, defendant was arraigned and pled not guilty.[1]

On September 26, 2022, defendant withdrew his plea of not guilty and pled guilty as charged pursuant to a plea agreement. As part of the plea agreement, defendant agreed his sentence would be determined by the trial court after reviewing a pre-sentence investigation report ("PSI").[2]

On December 9, 2022, the trial court conducted a sentencing hearing. After considering victim impact statements, the PSI, defendant's testimony, and mitigating evidence produced by defendant,[3] the trial court sentenced defendant to twenty-five years imprisonment at hard labor with the first three years to be served without the benefit of parole, probation, or suspension of sentence. Defendant filed a motion to reconsider sentence, arguing that the sentence was excessive and harsh. The trial court denied defendant's motion to reconsider. Defendant did not file a motion to withdraw his guilty plea. This appeal followed.

---

[1] On April 12, 2022, after an evidentiary hearing, the trial court denied defendant's motions to suppress evidence and statement. Although the April 12, 2022 minute entry and transcript show that an evidentiary hearing was held on defendant's motions to suppress, the record in the trial court and lodged in this court do not contain any written motions to suppress filed by defendant.

[2] After defendant pled guilty to vehicular homicide, a felony charge, the State *nolle prossed* defendant's three misdemeanor charges.

[3] Defense counsel introduced the witness's statement and the transcript from the suppression hearing.

23-KA-225                                        1

**FACTS**

Because defendant pled guilty, the underlying facts were not fully developed at a trial. However, the bill of information alleges that on June 1, 2021, defendant "violated La. R.S. 14:32.1 in that he did kill one Caleb Clayton, while engaged in the operation of a motor vehicle and while having a blood alcohol content of .09 and/or while having tetrahydrocannabinoid in his bloodstream."

The following additional facts were taken from the April 12, 2022 suppression hearing. The State presented testimony from two Louisiana State Police troopers that were involved in the investigation of this case.

Trooper Nicholas Dowdle, lead investigator, testified that he responded to a vehicular accident on the Westbank Expressway. Upon arrival, he briefly spoke to defendant to assess his injuries and to see if he needed medical assistance before sending him to the hospital. He was not able to speak to the victim because the victim did not have a pulse and was not breathing. Trooper Dowdle testified that he helped pull the victim from his vehicle and started chest compressions. The victim was transferred to the hospital where he later succumbed to his injuries. Trooper Dowdle confirmed that an independent witness stated that there was a car parked on the side of the road; however, he did not learn why the car was parked on the side of the road. He acknowledged that it would be illegal for a car to be parked on the side of the road without an emergency. He could not state whether the witness expressed facts indicating that there was an intervening cause for the accident.

Trooper Dowdle testified that through his investigation, he determined that defendant's vehicle ran off the road and hit the victim's parked vehicle, resulting in the victim's death, and a subsequent blood analysis showed that defendant was intoxicated. He stated that defendant's BAC was .09% "about hour and half to two hours after the time of the crash, which means [defendant] had time to start sobering up . . ." Trooper Dowdle testified that when he was at the scene of the accident, he

could smell the faint odor of alcoholic beverages and when he spoke to defendant at the hospital in a closed area, he could "still smell the odor." As a result of his investigation, Trooper Dowdle determined that defendant was at fault for the accident and an arrest warrant was subsequently issued for defendant's arrest.

Trooper David Lowe testified that he spoke to defendant at the hospital wherein he advised defendant of his rights, defendant signed a consent form to have his blood tested for alcohol or other substances, and defendant made a statement. While speaking with defendant, Trooper Lowe testified that he smelled alcohol on defendant's breath and defendant admitted to smoking marijuana "earlier." Trooper Lowe stated he did not know whether there was an independent witness to the accident.

**ASSIGNMENTS OF ERROR**

In his first assignment of error, defendant alleges that his guilty plea is constitutionally inadequate because he did not knowingly and intelligently understand the complex nature and elements of the charge of vehicular homicide, especially the "causation/contribution" element of the charge. Defendant asserts that he is not claiming that he made an Alford[4] plea or that he proclaimed his innocence at the plea hearing. However, because the trial court was put on notice during the suppression hearing that an independent witness could corroborate his innocence as to an intervening cause and that this witness could be produced at trial, defendant argues that the trial court should have engaged in a colloquy with him as to each element of vehicular homicide. Defendant contends that (1) the trial court did not ask him if he was pleading guilty because he is in fact guilty; (2) the trial court did

---

[4] North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). The "best interest" or Alford plea is one in which the defendant pleads guilty while maintaining his innocence. In Alford, the Supreme Court held that a defendant may plead guilty, without foregoing his protestations of innocence, if "the plea represents a voluntary and intelligent choice among the alternative courses of action open to defendant ... especially where the defendant was represented by competent counsel whose advice was that the plea would be to the defendant's advantage." Id. at 31. An Alford plea requires that the record contain "strong evidence of actual guilt." Id. at 38.

not read or explain the elements of vehicular homicide; (3) the trial court did not inquire as to whether or not defense counsel explained the elements of vehicular homicide to him; and (4) despite notice of the witness, the trial court did not engage in a further colloquy with him as to each element. For these reasons, defendant contends he did not intelligently plead guilty and requests that his guilty plea be vacated.

In his second assignment of error, defendant contends that his guilty plea is statutorily inadequate because the trial court violated La. C.Cr.P. art. 556.1, by accepting his guilty plea without first determining if he understood the nature of the charge against him, especially the causation/contribution element of vehicular homicide. Considering these facts, it is reasonable that he would not have pled guilty given the evidence that a witness could have exonerated him. Defendant asserts that the trial court's failure to explain the nature and elements of vehicular homicide was not harmless error, and therefore, his guilty plea must be vacated.

**LAW and ANALYSIS**

The validity of a guilty plea turns on whether the defendant was informed of three fundamental constitutional rights—his privilege against compulsory self-incrimination, his right to a trial by jury, and his right to confront his accusers—and whether, having been informed of those rights, the defendant knowingly and voluntarily waived them. State v. Farinas, 09-396 (La. App. 5 Cir. 11/23/09), 28 So.3d 1132, 1140; State v. Juniors, 03-2425 (La. 06/29/05), 915 So.2d 291, 334, cert. denied, 547 U.S. 1115, 126 S.Ct. 1940, 164 L.Ed.2d 669 (2006).

A guilty plea normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea and precludes review of such defects by either appeal or post-conviction relief. State v. Abrego, 21-166 (La. App. 5 Cir. 12/01/21), 334 So.3d 883, 891; writ denied, 21-1949 (La. 02/22/22), 333 So.3d 450; State v. Dadney, 14-511 (La. App. 5 Cir. 12/16/14), 167 So.3d 55, 59, writ denied, 15-90

(La. 10/30/15), 179 So.3d 614. Once a defendant is sentenced, only those guilty pleas that are *constitutionally* infirm may be withdrawn by appeal or post-conviction relief. State v. Ferrera, 16-243 (La. App. 5 Cir. 12/14/16), 208 So.3d 1060, 1063-64. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boykin[5] colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain, or what he justifiably believes was a plea bargain, and that bargain is not kept. State v. Williams, 18-71 (La. App. 5 Cir. 07/31/18), 251 So.3d 1250, 1256; State v. McCoil, 05-658 (La. App. 5 Cir. 02/27/06), 924 So.2d 1120, 1124.

A defendant does not have an absolute right to withdraw a guilty plea. Williams, 251 So.3d at 1256. Under Boykin, the decision to plead guilty will not be considered free and voluntary unless, at the very least, the defendant was advised of his constitutional rights against self-incrimination, to a trial by jury, and to confront his accusers. State v. Patin, 19-157 (La. App. 5 Cir. 11/13/19), 285 So.3d 48, 55. When the record establishes that an accused was informed of and waived his rights to a trial by jury, to confront his accusers, and against self-incrimination, the burden shifts to the accused to prove that, despite this record, his guilty plea was involuntary. State v. Riley, 14-98 (La. App. 5 Cir. 06/24/14), 145 So.3d 516, 519, writ denied, 14-1486 (La. 02/13/15), 159 So.3d 462.

A plea cannot be considered voluntary without notice of the essential nature of the charge or charges. La. C.Cr.P. art. 556.1 A (1) provides that a trial court shall not accept a guilty plea without first determining that the defendant understands the nature of the charge against him. The test for the validity of a guilty plea does not depend on whether the trial court specifically informed the defendant of every element of the offense. State v. Howard, 11-1155 (La. App. 5 Cir. 05/22/12), 91 So.3d 564, 570, writ denied, 12-1826 (La. 03/01/13), 108 So.3d 787. Instead, the

_____

[5] Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

defendant must establish that he lacked awareness of the essential nature of the offense to which he was pleading. Id.; State v. Blunt, 20-171 (La. App. 5 Cir. 11/18/20), 307 So.3d 384. When a defendant is represented by counsel, the trial court accepting his plea of guilty may presume that defendant's counsel has explained the nature of the charge in sufficient detail that the defendant has notice of what his plea asks him to admit. Farinas, 28 So.3d at 1140-1141; Dadney, 167 So.3d at 60.

Nevertheless, violations of La. C.Cr.P. art. 556.1 that do not rise to the level of Boykin violations are subject to a harmless error analysis. State v. Fontenelle, 17-103 (La. App. 5 Cir. 09/13/17), 227 So.3d 875, 881. To determine whether a violation of Article 556.1 is harmless, the proper inquiry is whether the defendant's knowledge and comprehension of the full and correct information would have likely affected his willingness to plead guilty. Howard, 91 So.3d at 570.

Any variance from the procedures required in La. C.Cr.P. art. 556.1, which does not affect the substantial rights of the accused, shall not invalidate a guilty plea. La. C.Cr.P. art. 556.1 E. The failure to comply with La. C.Cr.P. art. 556.1 is a statutory breach, rather than a constitutional breach, and therefore, a defendant is required to show prejudice as a result of the error. State v. Faggard, 15-585 (La. App. 5 Cir. 01/13/16), 184 So.3d 837, 846.

In the instant case, defendant did not file a motion to withdraw his guilty plea. However, he is not prohibited from challenging a constitutionally infirm guilty plea either by means of appeal or post-conviction case. State v. Heath, 10-994 (La. App. 5 Cir. 09/27/11), 76 So.3d 84, 87.

Defendant initially argues that during the plea colloquy, the trial court did not ask him if he was pleading guilty because he was in fact guilty. A review of the record shows that during the plea colloquy, the trial court did not specifically ask

defendant if he was guilty of the charge of vehicular homicide. However, the trial court did ask defendant if he was pleading guilty to vehicular homicide.

While most pleas of guilty consist of both a waiver of trial and an express admission of guilt, the latter element is not a constitutional requisite to the imposition of a criminal penalty. State v. Lucia, 18-37 (La. App. 5 Cir. 10/17/18), 257 So.3d 1271, 1280, fn. 12. An individual accused of a crime may voluntarily, knowingly, and with full understanding, consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime. Id. Moreover, a guilty plea by its nature admits factual guilt and relieves the State of the necessity to prove it by a contested trial. State v. Fisher, 19-488 (La. App. 5 Cir. 06/24/20), 299 So.3d 1238, 1243. Therefore, a defendant cannot challenge the sufficiency of the evidence after he pleads guilty. Id. A validly entered guilty plea waives any right a defendant might have had to question the merits of the State's case and the factual basis underlying the conviction. Id.

Additionally, Louisiana law does not require that a guilty plea be accompanied by a recitation of the factual basis for the crime. State v. Autin, 09-995 (La. App. 5 Cir. 04/27/10), 40 So.3d 193, 196, writ denied, 10-1154 (La. 12/10/10), 51 So.3d 725. Due process requires a finding of a significant factual basis for a defendant's guilty plea only when a defendant proclaims his innocence or when the trial court is otherwise put on notice that there is a need for an inquiry into the factual basis. Autin, 40 So.3d at 196-197. A plea accompanied by a claim of innocence is an Alford plea and puts the trial court on notice that it must ascertain a factual basis to support the plea. State v. Orman, 97-2089 (La. 01/9/98), 704 So.2d 245 (*per curiam*). Here, defendant did not plead guilty pursuant to Alford, nor did he plead guilty because it was in his "best interest," thus, a factual basis was not required. Accordingly, this argument is without merit.

As to whether defendant's guilty plea is constitutionally and/or statutorily inadequate, the record shows no constitutional or statutory infirmities that would render defendant's guilty plea invalid. On September 26, 2022, defense counsel informed the trial court that defendant was withdrawing his plea of not guilty and pleading guilty as charged. During the plea colloquy, the trial court asked defendant if he was pleading guilty to the charge of vehicular homicide, which defendant responded, "Yes, sir." Defendant was advised of the sentencing range for vehicular homicide and that he would be sentenced by the trial court after reviewing the PSI, which defendant agreed to under the plea agreement. Defendant was advised of his right to a jury trial, his right to remain silent, and his right to confront witnesses against him. Defendant indicated that he understood that by pleading guilty he was waiving these rights. When the trial court asked defendant if there was anything he did not understand that the trial court had "read" to him at that point, defendant responded, "No."

Additionally, defendant executed a waiver of rights form indicating that he understood his rights as well as the consequences of his guilty plea. The form shows that defendant was pleading guilty to vehicular homicide in violation of R.S. 14:32.1, the sentencing range for vehicular homicide, and that defendant would be sentenced by the trial court after reviewing the PSI. The form included his right to a jury trial, his right to remain silent, and his right to confront witnesses against him, and that defendant understood he was waiving the same by pleading guilty. Defendant's initials are reflected next to each <u>Boykin</u> right.

In the waiver of rights form and during the plea colloquy, (1) defendant denied that anyone had forced or coerced him to plead guilty or made promises or threatened him to enter his plea of guilty; (2) defendant stated he was satisfied with the way his counsel and the trial court handled his case; and (3) defendant stated he understood

all the possible legal consequences of pleading guilty as explained to him by the trial court and by his counsel, and that he wanted to plead guilty.

Defendant signed the waiver of rights form and acknowledged during the colloquy that the form contained his signature. Defense counsel and the trial court also signed the waiver of rights form. At the conclusion of the trial court's colloquy with defendant, the trial court accepted defendant's guilty plea as knowingly, intelligently, freely and voluntarily made.

Based on the record, we find that defendant's guilty plea was not constitutionally infirm. Defendant was informed of his Boykin rights and the consequences of his plea, the plea was entered into voluntarily, and defendant was sentenced in conformity with the plea agreement.

Defendant's guilty plea also satisfies statutory requirements and thus, it is not statutorily infirm. Defendant acknowledged during the colloquy and on the waiver of rights form that he understood he was pleading guilty to vehicular homicide in violation of La. R.S. 14:32.1. At no point during the plea colloquy did defendant advise the trial court or his counsel that he did not understand the nature of vehicular homicide, the crime to which he was pleading guilty. Defendant did not ask any questions about the nature of the charge or indicate he did not understand any element of vehicular homicide. Defendant did not plead guilty pursuant to Alford and he did not file a motion to withdraw his guilty plea on the ground that he did not understand the nature of the charge to which he was pleading. Furthermore, defendant was represented by counsel when he pled guilty and therefore, the trial court, in accepting defendant's guilty plea, could presume that defendant's counsel explained the nature and elements of the charge in sufficient detail that defendant had notice of what his plea asked him to admit. Moreover, the law did not require the trial court to inform defendant of each element of the crime of vehicular homicide when defendant pled guilty and defendant did not state how an explanation of the

elements would have affected his willingness to plead guilty to vehicular homicide. Accordingly, we find defendant failed to establish that he lacked awareness of the essential nature of vehicular homicide, to which he pled guilty, or that he was prejudiced by any failure by the trial court to fully comply with the provisions of La. C.Cr.P. art. 556.1.

Defendant also argues that the trial court was put on notice that there was a potential witness that could exonerate him, and therefore, the trial court was required to read and explain to him all of the elements of vehicular homicide to ensure he understood the nature and elements of the charge. The fact that exculpatory evidence may exist does not render a guilty plea constitutionally infirm. McCoil, 924 So.2d 1120, 1124. Defendant and his counsel knew about this potential witness several months prior to defendant's plea of guilty to vehicular homicide. Additionally, it is unclear that the witness would testify to facts that would exonerate defendant and the witness was not produced in court. Regardless, defendant voluntarily chose to enter an unqualified guilty plea after consulting with his counsel (*i.e.*, defendant did not plead guilty pursuant to Alford nor did he state he was pleading guilty because it was in his "best interest"). Moreover, on appeal, defendant asserts that he is not alleging that he entered into an Alford plea or "best interest" plea. Additionally, at the suppression hearing, defense counsel clearly stated that an element of vehicular homicide concerns defendant's level of intoxication and whether it was a contributing factor to the accident. As previously stated *supra*, the trial court, in accepting defendant's plea, could presume that defendant's counsel explained the nature and elements of vehicular homicide in sufficient detail that defendant had notice of what his plea asked him to admit. Accordingly, we find defendant's guilty plea to the charge of vehicular homicide was adequate and entered into knowingly, intelligently, and voluntarily.

**ERRORS PATENT**

The record was reviewed for errors patent, according to the mandates of La. C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La. 1975); and State v. Weiland, 556 So.2d 175 (La. App. 5 Cir. 1990).

The transcript shows that the trial court failed to impose the mandatory fine of "not less than two thousand dollars nor more than fifteen thousand dollars" pursuant to La. R.S. 14:32.1 B. An appellate court has the authority under La. C.Cr.P. art. 882 to correct an illegally lenient sentence at any time, even if neither the defendant nor the State raised the issue. State v. Campbell, 08-1226 (La. App. 5 Cir. 05/26/09), 15, So.3d 1076, 1081, writ denied, 09-1385 (La. 02/12/10), 27 So.3d 842. This authority is permissive rather than mandatory. State v. Horton, 09–250, (La. App. 5 Cir. 10/27/09), 28 So.3d 370, 376. Therefore, we decline to disturb the trial court's sentence.

**DECREE**

Accordingly, for the above stated reasons, we affirm defendant's conviction and sentence.

**CONVICTION and SENTENCE AFFIRMED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL

JUDGES



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **DECEMBER 27, 2023** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**23-KA-225**

### E-NOTIFIED

24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE DONALD A. ROWAN, JR. (DISTRICT JUDGE)
JULIET L. CLARK (APPELLEE)          THOMAS J. BUTLER (APPELLEE)          DAVID M. MCDONALD (APPELLANT)
JOHN D. PEREZ (APPELLANT)

### MAILED

JOHN C. BUTLER (APPELLANT)
ATTORNEY AT LAW
3939 NORTH CAUSEWAY BOULEVARD
SUITE 301
METAIRIE, LA 70002

HONORABLE PAUL D. CONNICK, JR.
(APPELLEE)
DISTRICT ATTORNEY
TWENTY-FOURTH JUDICIAL DISTRICT
200 DERBIGNY STREET
GRETNA, LA 70053